IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CICON TIMBER A/S, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 04-cv-0929-MJR |
| | ) |
| INTERNATIONAL DIMENSIONS LTD, | ) |
| d/b/a "Hardwood International," | ) |
| f/d/b/a "Hardwood Interiors, Inc.," | ) |
| and JOSEPH E. ADAMS, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM and ORDER

REAGAN, District Judge:

In December 2004, Cicon Timber (a Danish corporation) filed suit in this Court against International Dimension Limited ("IDL," an Illinois corporation), asserting federal question jurisdiction under **28 U.S.C. § 1331**.

The lawsuit, based on Article 1 of the United Nations Convention on Contracts for the International Sale of Goods, stems from a business relationship in which Cicon purchased (and pre-paid for) hardwood flooring from IDL. Prepayment allowed IDL to buy the necessary raw materials to produce the ordered flooring.

Cicon claims that IDL breached contractual obligations to deliver certain shipments of flooring and failed to refund Cicon's prepayment for un-received (or nonconforming) goods. Cicon also brings claims for unjust enrichment, "open account," common law fraud, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

Cicon seeks $48,232.33 (the unpaid balance on Cicon's prepayment), $2,893.94 in "lost profit," an additional $7,234.85 to compensate Cicon for the decline in the value of the dollar versus the Danish Kroner, interest, attorneys' fees, and punitive damages "in an amount sufficient to deter Defendant from engaging in the kind of outrageous fraudulent activities" outlined in the complaint.

In April 2005, Cicon filed a first amended complaint which contains the same claims but adds a second Defendant –- Joseph E. Adams. The amended complaint alleges that Cicon and IDL had an ongoing account for the transaction of their business between 2001 and July 2003, that Cicon dealt with IDL under the names "International Dimensions" and "Hardwood International," and that sometime in 2002 Adams suggested that Cicon transact business not with Hardwood International but with "Hardwood Interiors, Inc., another business of Joseph Adams, allegedly to protect [Cicon's] prepayments from being lost in the case of a collapse of International Dimensions" (Amended Complaint, Doc. 20, p. 3).

On April 26, 2005, IDL moved to dismiss the entire amended complaint for failure to state a claim. IDL alternatively moved to dismiss three counts (Counts IV, V, and VI) under **Federal Rule of Civil Procedure 12(b)(6)**. IDL maintains that Cicon has failed to allege sufficient facts to support claims for common law fraud, violation of the Illinois consumer fraud statute, and punitive damages. For instance, IDL insists that Cicon lacks standing to sue under the consumer fraud act, because Cicon was not a "consumer" but rather served as a *broker* for Hardwood Interiors' products.

IDL further contends that Cicon reached an accord and satisfaction with Hardwood Interiors (which IDL asserts is *not* a d/b/a of Cicon but an entirely separate legal entity under Illinois law) to resolve this dispute and cannot hold IDL liable for acts alleged to have been taken by Hardwood Interiors.

Whether a complaint sufficiently states a claim turns on whether it meets the general rules of pleading a claim for relief.  ***Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005).**  A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief.  ***Id.*, citing Fed. R. Civ. P. 8.** This "short and plain statement" requires a plaintiff to allege no more than "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." ***Brown*, 398 F.3d at 909,** *citing Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir.2002).

When reviewing a complaint in the context of a Rule 12(b)(6) dismissal motion, the Court accepts as true all well-pled factual allegations and resolves in the plaintiff's favor all reasonable inferences.  ***Echevarria v. Chicago Title & Trust Co.*, 256 F.3d 623, 625 (7th Cir. 2001).** Dismissal is proper only if the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  ***Alper v. Altheimer & Gray*, 257 F.3d 680, 684 (7th Cir. 2001),** *citing Conley v. Gibson*, **355 U.S. 41, 45-46 (1957), and *Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 854 (7th Cir. 1999).**

If it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate.

*Brown*, 398 F.3d at 909; *Alper*, 257 F.3d at 684; *Veazey*, 194 F.3d at 854.

Applying those standards here, the Court concludes that Cicon's complaint survives Rule 12(b)(6) dismissal. Cicon has alleged enough facts to put IDL on notice of the claims. At this point, accepting as true all well-pled factual allegations and resolving in Cicon's favor all reasonable inferences therefrom, the Court *cannot* say that Cicon is unable to prove any set of facts which would entitle it to relief.

For example, to state a cause of action for common law fraud under Illinois law, a plaintiff must allege (1) a false statement of a material fact, (2) defendant's knowledge that the statement was false, (3) defendant's intent that the statement induce plaintiff to act, (4) plaintiff's reliance upon the truth of the statement, and (5) damages resulting from reliance on the statement. *See Davis v. G.N. Mortgage Corp.*, 396 F.3d 869, 881-82 (7th Cir. 2005), *citing Capiccioni v. Brennan Naperville, Inc.*, 791 N.E.2d 553, 558 (Ill. App. 2003).

Count IV of Cicon's amended complaint alleges that Defendants falsely promised to ship a certain quantity and type of hardwood flooring, that (in return) Cicon extended a letter of credit in favor of IDL, that Defendants knew IDL would not in fact ship goods sufficient to fill the orders placed by Cicon, that Defendants intended for Cicon to rely on their representations/promises, that Cicon justifiably did rely on Defendants' false promises, and that Cicon was damaged, *inter alia*, "in the amount of the discrepancy between the contract price for the agreed upon amount of flooring" and the contract price for the amount of flooring actually delivered. This is sufficient.

Analysis turns next to Count V of Cicon's amended complaint. The Illinois Supreme Court has held that to adequately plead a private cause of action under the Illinois Consumer Fraud and Deceptive Business Practices Act, **815 ILCS § 505/1 et al.**, a plaintiff must plead (1) a deceptive act by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff proximately caused by the deception. ***Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 160 (Ill. 2002).**[1]

The allegations of Count V meet this standard. Cicon claims that Defendants deceptively promised to ship $60,000 worth of hardwood flooring in consideration for Cicon establishing a letter of credit in the amount of $28,766.54, that Defendants *knew* they would not ship the full amount of product promised, that Defendants (who were cash-strapped) intended for Cicon to rely on the deception and establish the letter of credit, that Defendants presented fraudulent documents to Cicon's bank in an attempt to draw on the letter of credit, and that Cicon was damaged as a proximate result of this deception.

In the dismissal motion, IDL further maintains that Cicon lacks standing to sue under the consumer fraud act, because Cicon is not a true "consumer" under the act.

---

[1] *See also Randazzo v. Harris Bank Palatine, N.A.*, 262 F.3d 663, 671 (7th Cir. 2001); *Notaro Homes, Inc. v. Chicago Title Ins. Co.*, 722 N.E.2d 208, 217 (Ill. App. 1999).

The Consumer Fraud and Deceptive Business Practices Act provides a right of action to "any person who suffers damage as a result of a violation," but the Illinois Supreme Court has held that, generally, only consumers have standing to sue under the statute. *Brown v. Veile,* 555 N.E.2d 1227, 1231 (Ill. App. 1990), *citing Steinberg v. Chicago Medical School,* 371 N.E.2d 634 (Ill. 1977). A consumer is "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." *Id*.

In this case, IDL maintains that Cicon acted as a *broker* for Hardwood Interiors' products and thus, although Cicon is a "person" under the consumer fraud act, Cicon is not a "consumer" entitled to sue thereunder. Cicon responds that it "was essentially acting as a consumer buying on credit," that Defendants' deceptive acts "implicated consumer protection concerns," and that the deceptive acts here include "the derivative consumer protection considerations inherent in a transaction geared at manipulating a local financial institution" (Doc. 28, pp. 6-7).

IDL's position has first blush appeal and, upon closer inpsection, may have merit. To properly resolve the issue, though, the Court would have to look outside the pleadings, which it may not do on a Rule 12(b)(6) dismissal motion. In other words, this issue is better resolved via timely-filed motion for summary judgment.

The same holds true for IDL's additional arguments for dismissal, such as those involving the doctrine of "piercing the corporate veil," successor corporate liability, and accord and satisfaction.

For all these reasons, the Court **DENIES** IDL's April 26, 2005 motion to dismiss for failure to state a claim (Doc. 22).

IT IS SO ORDERED.

DATED this 20th day of June, 2005.

                                        s/ Michael J. Reagan  
                                        MICHAEL J. REAGAN  
                                        United States District Court